IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| M.L.R. PAINTING AND WALLCOVERING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:09-CV-979-WKW [WO] |
| | ) |
| HARTFORD FIRE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This is a case between a subcontractor and the issuer of a performance bond on a construction project. Before the court is Defendant Hartford Fire Insurance Co.'s ("Hartford") motion to dismiss (Doc. # 7), which is based on a venue selection clause in the contract between Plaintiff M.L.R. Painting and Wallcovering, Inc., ("M.L.R.") and the general contractor. Upon consideration, the motion is due to be denied.

**I. FACTS**

As relevant to the present motion, and taking the allegations in the Complaint (Doc. # 1) as true, the facts are as follows. M.L.R. entered into a subcontract with White-Spunner Construction, Inc., which is not a party to this suit, to perform painting work associated with the construction of a housing project at Auburn University. (Doc. # 1, ¶ 6.) Hartford issued a $45,327,000 payment bond on the project, guaranteeing White-Spunner's contracts with its subcontractors. (Doc. # 1, Ex. A.) M.L.R. performed on its subcontract with White-Spunner, and also performed on additional agreements concluded between White-Spunner

and M.L.R., but it was not paid $224,559.24 it was owed for work performed. (Doc. # 1, ¶¶ 9-14.) M.L.R. notified Hartford of its claim against White-Spunner, then waited the statutory 45-day period before bringing this suit. (Doc. # 1, ¶ 16); *see* Ala. Code § 39-1-1.

Hartford attaches to its motion to dismiss the original subcontract between White-Spunner and M.L.R., signed by the final party on May 8, 2008. (Doc. # 7, Ex. A.) Section 12.3.6 of the contract states as follows:

> **Choice of Law and Venue**. This Subcontract shall be deemed to have been entered into in Mobile County, Alabama; and it shall be interpreted in accordance with the laws of the State of Alabama. The forum for any litigation between the parties shall be the Circuit Court of Mobile County, Alabama.

Hartford was not a party to this subcontract.

Attached to the Complaint is the Payment Bond executed with respect to the project on which M.L.R. performed work pursuant to its contract with White-Spunner. (Doc. # 1, Ex. A.) In the terms of the Payment Bond, White-Spunner is the principal, Hartford is the surety, and Auburn University is the owner. The Payment Bond benefits "[a]ny person that has furnished labor, materials or supplies for" the project. (Doc. # 1, Ex. A, at 2.) That document has a provision that provides that "[t]he claimant may bring a civil action in the claimant's part on the Bond against the Contractor and the Surety, or either of them, in the county in which the Work is to be or has been performed or in any other county where venue is otherwise allowed by law." (Doc. # 1, Ex. A, ¶ 4.)

## II. JURISDICTION AND VENUE

In this diversity jurisdiction case, the court concludes that adequate allegations have been made as to the citizenship of the parties and the amount in controversy; therefore, it considers subject matter jurisdiction to have been established. (Doc. # 1, ¶¶ 1-4.) Aside from the issue concerning the forum selection clause, venue has been adequately established under federal law. (Doc. # 1, ¶ 5.)

## III. STANDARD OF REVIEW

Hartford's motion to dismiss is based on Federal Rule of Civil Procedure 12(b)(3), which provides for dismissal for "improper venue." Such a motion is the proper way to invoke a forum selection clause. *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1300 n.5 (11th Cir. 2001). When a Rule 12(b)(3) motion is based on a forum selection clause, it presents a pure question of law, to be evaluated by principles of contract interpretation. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1284, 1290-91 (11th Cir. 1998).

In this diversity case, the parties do not contest that Alabama law governs the interpretation and substantive applicability of the contract, including the forum selection clause.[1]

---

[1] The court recognizes that federal procedural law governs, even in diversity cases, when the question is the suitability of venue based on the *enforceability* of a forum selection clause through the means of the federal venue transfer statutes or the doctrine of *forum non conveniens*. *See Stewart Org. v. Ricoh Corp.*, 810 F.2d 1066, 1068 (11th Cir. 1987) (en banc), *aff'd*, 487 U.S. 22 (1988). But here, M.L.R. does not argue that this court should not enforce an otherwise valid clause, but rather that the clause is not, as a matter of state contract law, applicable to this dispute.

M.L.R. also does not appear to dispute that, as a general matter, Alabama law permits forum selection clauses, so the court will not devote itself to analyzing the cases Hartford cites for that

### III.  DISCUSSION

Hartford argues that, despite it not being a party to the subcontract, it is entitled to the defense of the forum selection clause, because as a surety it is entitled to all the non-personal defenses of its principal.  *See Ala. Surface Mining Reclamation Comm'n v. Commercial Standard Ins. Co.*, 469 So. 2d 619 (Ala. Civ. App. 1985) ("*ASMRC*") (citing *Comm. Standard Ins. Co. v. Ala. Surface Mining Reclamation Comm'n*, 443 So. 2d 1245 (Ala. Civ. App. 1983)).

M.L.R. claims that the Payment Bond contains its own forum selection clause, the paragraph quoted above.  Since M.L.R. is suing on the Payment Bond and not the Subcontract (or so it says; Hartford disputes that the two may be separated in this way), the Payment Bond's provision controls.  M.L.R. correctly observes that *ASMRC* is less than entirely on point, as it did not concern competing contractual provisions in two separate documents between parties who are not the same.  Rather, it concerned whether a surety could be held liable even though the statute of limitations had run against its principal; the court said no, rejecting a theory the plaintiff, a state commission, had of its own authority.  *ASMRC*, 469 So. 2d at 620.

M.L.R. goes on to cite a number of cases from other jurisdictions to the effect that when a suit is brought only against the surety that issued a payment bond, and there are conflicting forum selection clauses in the underlying contract and the bond, the clause in the

---

proposition.  *E.g.*, *Ex parte Bad Toys Holdings, Inc.*, 958 So. 2d 852, 856-57 (Ala. 2006).

bond governs.  *See R.W. Granger & Sons, Inc. v. Rojac Co.*, 885 F. Supp. 319 (D. Mass. 1995); *St. Paul Fire & Marine Ins. Co. v. Travelers Indem. Co.*, 401 F. Supp. 927, 930 (D. Mass. 1975); *Johnson Acoustics, Inc. v. P.J. Carlin Constr. Co.*, 292 A.2d 273, 276 (Conn. 1971); *Omega N.Y. Prods. Co. v. Parisi Bros. Inc.*, 293 N.Y.S.2d 878, 879 (N.Y. Sup. Ct. 1968).  Hartford responds that these cases are not binding on this court, and quibbles about their facts.  This quibbling is counterproductive to Hartford:  Hartford points out that the bond in *St. Paul Fire & Marine Ins.* and the other two cases "called for venue exclusively at the location of construction per state statute," and so "[n]aturally" it was enforced.  (Doc. # 12 at 3.)  Rather than making those venue provisions "wholly different" from the one here, as Hartford claims, that makes them quite similar, since the provision in the Payment Bond here itself parrots the Alabama Code.  The court does not perceive the relevance of the fact that Section 39-1-1(c)'s venue provision is somewhat broader than those in other states' statutes.

The court agrees with the general thrust of these out-of-state cases that there is a distinction between an action on a payment bond and an action directly on the underlying contract, but it need not adopt any of them wholesale in order to conclude that the Payment Bond's venue clause is the one that should prevail here.  The principle in *ASMRC* – that sureties are entitled to the defenses of their principals – is no doubt correct, but nothing suggests that it trumps the fairly basic legal concept that parties may generally abridge the scope of their rights by contract.  If the Payment Bond forum selection provision appeared

5

only in the pages of the Alabama Code, Hartford might have a better case that the specific forum selection clause in the Subcontract trumped it. But the forum selection language is written into paragraph three of the Payment Bond, a contract to which Hartford is bound directly; it explicitly permits a suit to be brought "in the county in which the Work is to be or has been performed." (Doc. # 1-2, ¶ 3.) Hartford's view would make that contractual language a nullity, a result disfavored under Alabama law. *See Black Diamond Dev., Inc. v. Thompson*, 979 So. 2d 47, 51 (Ala. 2007). Assuming Hartford is correct that it would otherwise be entitled to assert the defense of the Subcontract's venue selection clause, in this case, it waived that ability by specifically agreeing to broader language in its own contract, the Payment Bond.

An analogy to the facts in *ASMRC* further illustrates why Hartford's position is untenable. In that case, the issue was whether the statute of limitations that would apply to claims against the principal also applied to claims against the surety; the court held that it did. But imagine that the payment bond, signed by the surety, had specifically provided that the surety could be sued on the bond for a longer period of time than the ordinary statute of limitations provided. Under Hartford's theory of the law, such a provision would be void, and the surety could still assert the statute of limitations defense available to its principal, despite having purported to specifically waive it in advance. Nothing indicates that such is the law in Alabama, or anywhere else. That parties can waive their otherwise-valid rights

by contract is an unremarkable legal principle, and that is what Hartford did here in the Payment Bond.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the motion to dismiss (Doc. # 7) is DENIED.

DONE this 17th day of February, 2010.

                                          /s/  W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE