IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| M.L.R. PAINTING AND WALLCOVERING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:09-CV-979-WKW [WO] |
| HARTFORD FIRE INSURANCE CO., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Hartford Fire Insurance's motion to stay this litigation pending the resolution of a state court suit. (Doc. # 20.) As described in the court's opinion denying the motion to dismiss (Doc. # 13), this is a suit between a subcontractor and the issuer of the payment bond on a construction contract. In the state court suit, filed March 22, 2010, in the Circuit Court of Mobile County, Alabama, the general contractor, White-Spunner Construction, Inc., is suing Plaintiff in this case, M.L.R. (Doc. # 20, Ex. 1.) The suit apparently concerns the same project and underlying facts at issue here.

**I. DISCUSSION**

M.L.R. opposes the motion to stay (Doc. # 22), arguing that staying the case would be inconsistent with the law governing the conduct of parallel state and federal proceedings concerning the same matter. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004). The *Colorado River* doctrine permits a federal court to abstain from

hearing a case based on the pendency of a related state court case only in "exceptional circumstances," given that "federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Moorer*, 374 F.3d at 997 (quoting *Colorado River*, 424 U.S. at 817-18). There are six factors to be considered in determining whether "exceptional circumstances" favoring abstention exist. They are:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties

*See id.* (citing *TransSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294-95 (11th Cir. 1998)).

The first factor is not relevant to this case. The second does not weigh in favor of a finding of extraordinary circumstances, given that the underlying events occurred in Auburn, Alabama, which is within the Middle District of Alabama, and that both parties in this case are incorporated and headquartered outside Alabama. If anything, Mobile, Alabama, which has no apparent connection to the parties or facts of *this* case,[1] would appear to be a less convenient venue than Opelika, Alabama, which is only a few miles from Auburn, and is the location of the federal courthouse for the Eastern Division of the Middle District of Alabama. Finally, the court notes that it already resolved the issue of whether a forum selection clause

---

[1] Mobile is, apparently, the location of White-Spunner Construction, Inc.'s, headquarters. (Doc. # 7, Ex. 1.)

2

mandated venue in Mobile County Circuit Court in its prior opinion (Doc. # 13), finding that it did not and that venue was appropriate in this court.

The third factor clearly weighs against abstention, because this case was filed on October 20, 2009, over five months before the filing of the state court case. A scheduling order has been entered in this case and discovery is ongoing, while the state court case is presumably only in its preliminary stages. The fourth factor might seem to be implicated by the shared subject matter of the two cases, but the Eleventh Circuit has rejected arguments that abstention based on a fear of "piecemeal litigation" should be triggered simply because both cases deal with, for example, the validity of the same agreement. To justify abstention, the piecemeal litigation must be "abnormally excessive or deleterious." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1333 (11th Cir. 2004). The court notes that here, the two suits involve two different agreements – the payment bond and the underlying subcontract. In any event, there has been no showing that refusing to abstain would result in piecemeal litigation outside the mainstream.

Fifth, this case does solely concern questions of state law. As with the previous factor, though, precedent is clear that this factor only weighs in favor of abstention in "rare circumstances," *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25-26 (1983), such as when a case involves "complex questions of state law that a state court might be best suited to resolve." *Pages Morales*, 368 F.3d at 1334. Here, only ordinary state contract law is at issue, and federal courts determine such issues of state law

3

on a regular basis. The sixth factor, the adequacy of the state forum, is only relevant when one forum is "inadequate to protect a party's rights." *Id*.

Further, the court must agree in part with M.L.R.'s contention that the initiation of the state litigation and subsequent motion to stay were, if not "vexatious," at least "reactive" to the court's earlier ruling on the motion to dismiss. *See id.* at 1331, 1334. After the denial of the motion to dismiss, which had been premised on a forum selection clause in the subcontract between White-Spunner and M.L.R., White-Spunner filed the state court suit, followed almost immediately by Hartford's seeking of the motion to stay in this court.[2] Essentially, then, Hartford again seeks to avoid litigating this case in federal court, on the basis that after the motion to dismiss was denied, its insured initiated a new case in the state court where it wanted this case to be from the start. If a defendant could avoid the result of losing a motion to dismiss for improper venue by refiling the case as plaintiff (or having an entity with which it is in privity file as plaintiff) in the court where it would like to be, then moving to stay the original suit, the result would be to encourage gamesmanship and waste judicial resources in deciding the original motion.

## II. CONCLUSION

For the foregoing reasons, it is ORDERED that the motion to stay (Doc. # 20) is DENIED. The motion to compel the setting of deposition dates (Doc. # 23) remains pending

---

[2] White-Spunner and Hartford are represented, in their respective suits, by the same counsel.

before the Magistrate Judge, with the understanding that there is not now any reason why discovery should not proceed as scheduled.

DONE this 15th day of April, 2010.

                                              /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE